**IN THE SUPERIOR COURT
OF GUAM**

MAY D.F. HANNAH,                                     )        Civil Case No. CV1651-10
                                                     )
                          Plaintiff,                 )
                                                     )        **DECISION & ORDER**
          vs.                                        )
                                                     )
LUCILLE FLORES LEON GUERRERO,                        )
IGNACIO R. LEON GUERRERO, ALFRED                     )
F. LEON GUERRERO, MARK D> LEON                       )
GUERRERO, BRIAN F. LEON GUERRERO                     )
and DOES I-IX,                                       )
                                                     )
                          Defendants,                )
                                                     )
                                                     )
                                                     )
                                                     )

---

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on February 12, 2013. Defendants were represented by Attorney Jacqueline Taitano Terlaje. Plaintiff was represented by Attorney James M. Maher. After having carefully received and reviewed the papers, arguments and the file herein the court hereby denies Defendants' motion to compel for their failure to comply with the requirements of rule 37.1 of Local Rules of the Superior Court of Guam. Defendants' motion for summary judgment is granted as to Plaintiff's claims for breach of a fiduciary duty and aiding and abetting a breach of fiduciary duty, only as her claims relate to Lot numbers 89, 106, and 283. Plaintiff's request to preclude the use of her deposition transcript is denied.

# BACKGROUND

The instant claim arises out of Plaintiff's July 11, 2011, First Amended Complaint.

## I. Motion to Compel

On December 17, 2012, Defendants filed a paper entitled, Motion to Compel Responses to interrogatories and for Sanctions. In their motion Defendants assert that Plaintiff has failed to adequately answer their October 9, 2012, interrogatory questions numbers: 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 15, 17, 20, 21, 22, 23, 24, 25, 26, 27 and 28. Defendants assert that on November 13, 2012, the inadequacy of the Plaintiff's answers was communicated to the Plaintiff and that she responded by asserting their adequacy and her availability to have the dispute heard by this court. Defendants' paper also asserts that they have been prejudiced by Plaintiff's unjustifiably late discovery responses.

Defendants request that the court order that any information provided after November 16, 2012, the court ordered deadline for the disclosure of all non-expert discovery, be excluded from use at trial. Defendants also request that the court enter an order compelling the responses to its interrogatory questions and that it award them costs and attorney fees.

On January 29, 2012, Plaintiff filed a paper entitled, Opposition to Defendants' Motion to Compel Responses to Interrogatories and for Sanctions. In her paper Plaintiff asserts that Defendants did not make an adequate effort to convey and dispute the adequacy of her discovery responses. She asserts that the majority of the discovery provided subsequent to the November 16, 2012 deadline, were the expert disclosures of Dr. Blanchette. She argues that:

i. Much of the information Defendants' interrogatories requested was in Defendants' exclusive control;
ii. Defendants refused to produce documents she requested;
iii. Defendants discouraged third parties from providing information to Plaintiff;
iv. Some of Defendants' interrogatories were improper; and
v. Defendants' failed to comply with CVR 37.1(b).

Plaintiff argues that her answers were substantially justified in light of the above assertions and arguments.

On February 5, 2013, Defendants filed a paper in reply to Plaintiff's opposition to their motion to compel discovery. Defendants assert that they made a least two attempts to meet and confer in good faith to resolve the discovery dispute and argue that these attempts were sufficiently adequate. They concede that they did not strictly comply with the procedural requirements of CVR 37.1(b) but argue that there is sufficient evidence of good cause to allow the court to resolve the discovery dispute. In their reply paper, Defendants also withdraw their request that the court order that interrogatories 15 and 17 be answered.

## II. Motion for Summary Judgment

On January 15, 2013, Defendants filed a paper entitled, Motion for Summary Judgment. In their paper Defendants request that the court enter an order summarily dismissing the following four claims of the Plaintiff:

   i. Aiding and abetting a breach of fiduciary duty related to Lot nos. 89, 106, and 283 as to Defendant Brian Leon Guerrero and Mark Leon Guerrero;
   ii. Aiding and abetting a breach of fiduciary duty related to Lot nos. 89 and 106, as to Defendant Alfred Leon Guerrero;
   iii. The conveyance of Lot no. 283 as to all Defendants;
   iv. Breach of fiduciary duty in the aiding and abetting the breach of fiduciary duty in the conveyance of Lot nos. 89 and 106 as to all Defendants.

In support of this request Defendants assert that these claims lack the necessary facts and evidences to sufficiently support the basic legal elements of the creation of a fiduciary duty or aiding and abetting the breach of that duty.

On February 19, 2013, Plaintiff filed a paper entitled Opposition to Defendants' Motion for Summary Judgment. In it she argues and asserts that relevant and material to her complaint are the following disputed facts and issues, whether:

i. Mr. and Mrs. Flores were competent at the time of the conveyances of Lot nos. 283, 106, & 89;

ii. Mrs. Flores' conveyance of Lot 283 was the product of undue influence;

iii. Mrs. Flores intended to gift Lot 283 to her brother rather than Defendant Alfred Guerrero;

iv. Mr. Flores was competent at the time he made his mark on his power of attorney on June 12, 2007;

v. Mrs. Flores was incompetent in 2007;

vi. Mr. Flores was incompetent as of January 2006 and possibly as early as 2003;

vii. Mrs. Flores exceeded the scope of her power of attorney for Mr. Flores;

viii. Mrs. Flores's agency terminated with her incapacity in 2007 and or her husband's earlier incapacity;

ix. Defendants Alfred, Brian and Mark Guerrero's role in procuring a deed for Lot 283 evidences their role in aiding and abetting their mother;

x. Lot 89 was conveyed on April 2, 2007 or February 28, 2008;

xi. Lot 106 was conveyed on April 2, 2007 or May 20, 2008.

On February 26, 2013, Defendants filed a paper entitled Reply to Plaintiff's Opposition to Motion for Summary Judgment. In their paper Defendants argue that none of the facts Plaintiff argues are in dispute are relevant or material to elements of their claims for breach of fiduciary duty or aiding and abetting breach of fiduciary duty. Plaintiff argues that although these disputed facts and issues may be relevant to claims for undue influence, fraud, and conversion they are not salient to claims for breach of fiduciary duty.

**III. Use of Deposition Transcript**

On February 4, 2013 Plaintiff filed a paper entitled Objection to Use of Deposition Transcript. In it she requests that Defendants be precluded from the use of her deposition transcript. In support of her request Plaintiff argues and asserts that Defendants violated Rules 26, 30(b)(2) and (4) of the Guam rules of Civil Procedure by conducting a video deposition without adequate notice and failed to produce, as part of their discovery, the video tape.

On February 26, 2013, Defendant filed a paper entitled, Opposition to Objection to use of Deposition of May D. Hannah. In their paper Defendants concede that they failed to provide notice of their intention to videotape the deposition of Plaintiff, May D. Hannah. However they

assert that the videotaping was not initiated at their request, they have not obtained a copy of the video recording and they do not intend to obtain one. Defendants argue that in light of these assertions that precluding the use of the otherwise admissible and relevant deposition evidence of the Plaintiff would be a sanction disproportionate to the error.

Plaintiff did not file a paper in reply to Defendants' opposition.

## DISCUSSION

### I. Motion to Compel

Defendants have requested that this court enter an order compelling a response to Interrogatories numbers: 6, 7, 8, 9, 10, 11, 12, 13, 20, 21, 22, 23, 24, 25, 26, 27, and 28. This request has been opposed by the Plaintiff.

Rules 37 and 37.1 of the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam govern the filing and disposition of discovery disputes. GRCP 37, Super. Ct. Guam R. 37.1. The court's local rules proscribe orders compelling discovery unless the moving party has attempted in good faith to meet and eliminate the necessity for a hearing. *Id.* at 37.1(a). The rule places a duty upon the movant to arrange the meeting and that it be within a reasonable time.

In this matter Defendants assert that they complied with subpart (a) through two writings.[1] *Reply* at 2. Plaintiff disputes the adequacy Defendants' communication because of its brevity. *Opp.* at 9. The facts asserted in Defendants' motion are supported by an affidavit. Paragraph 4 of the affidavit indicates that the request was made on November 13, 2013, three

---

[1] A review of Defendants' affidavit in support of their motion reveals that Defendants communicated in writing once with the Plaintiff on November 13, 2012. Defendants also discussed the issue with Plaintiff on November 16, 2012.

days before the mandated discovery cutoff. It asserts that the request was made to meet and confer but it does not reveal: the length of the request; the specific issues discussed in the request; or that a reasonable date was suggested when the parties might meet. Absent these facts the court is unable to find that Defendants' requests to meet and confer satisfied the requirements Rule 37.1(a) or whether the requests were made in good faith.

The court's rules mandate that if good faith efforts to meet and confer fail, that the moving party must in writing, individually specify, with particularity, each disputed discovery issue and serve that writing upon the other party. *Id.* at (b). If a moving party fails to meet these requirements a court may only consider a motion to compel if it finds good cause. *Id.* The rule allows a finding of good cause to be supported by a declaration of another party's failure to co-operate. *Id.* The rule also allows a party's frivolity or failure to co-operate to be sanctioned.

Defendants concede that they failed to comply with the requirements of Rule 37.1(b). *Reply* at 2. However they argue that there are sufficient facts for the court to make a finding of good cause. In support of this argument Defendants cite to a 2010 Guam Superior Court decision and a 1996 Kansas Federal District Court decision where the courts found that facts supporting judicial economy can support a finding of good cause. citing, *Fidelity Insurance, Ltd. v. Nat'l Union Fire Insurance of Pittsburg*, CV753-05 Decision and Order on Motion to Compel (Sup. Ct., Feb. 23, 2010); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996). Defendants assert that they made an attempt to confer in good faith and cite to the now past scheduling order deadlines and April 2013 potential trial date.

Based upon its review of these arguments and assertions the court is not persuaded that the facts before it are sufficient to support a finding of good cause. A broad survey of the

definitions and applications of a good cause standard most often include facts and evidences of a party's good faith acts. *Century 21 Real Estate LLC v. All Professional Realty, Inc.*, 889 F. Supp. 2d 1198, 1225 (E.D. Cal. 2012); *Burke v. Groover, Christie & Merritt, P.C.*, 26 A.3d 292, 301 (D.C. 2011). Allowing judicial economy and quick discovery schedules to be the sole basis for a finding of good cause undermines the critical importance of the court's open discovery rules and the ideals of due process. Further it may possibly award the dilatory or non-specific requests of a moving party. In this case, weighing the importance of complying with the specific requirements of sub-parts (a) and (b) of rule 37.1 of the court's civil rules, which, advocate open disclosure of relevant discoverable material, resolve disputes, and improve the implantation of the concepts of due process, should not be overcome by the ideals of judicial economy.

## II. Summary Judgment

Defendants have requested that Plaintiff's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, as to Lot nos. 89, 106, and 283, be summarily dismissed. *Defs.' Mot.* at 8. Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International,* (Guam), Inc., 1997 Guam 10, ¶7 (Sup. Ct. Guam 1997).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25, ¶7 (Sup. Ct. Guam 2004). If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7 (Sup. Ct. Guam 2000).

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7 (Sup. Ct. Guam 2000); *Iizuda*, 1997 Guam 10, ¶8 (Sup. Ct. Guam 1997); *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3, ¶8 (Sup. Ct. Guam 2006). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at 7; Guam Top, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted). A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets*

*(Guam) International Trading Corporation*, 2012 Guam ¶ 11.

In this case, Plaintiff's July 11, 2011, first amended complaint alleges that:

i. Defendants Brian and Mark Guerrero aided and abetted the breach of a fiduciary duty that was owed Plaintiff and related to the transfer of lots nos. 89, 106, and 283;
ii. Defendant Alfred Guerrero aided and abetted the breach of a fiduciary duty that was owed Plaintiff and was related to the transfer of Lot. No. 89 and 106;
iii. The named defendants breached a fiduciary duty or aided and abetted the breach of a fiduciary duty that was owed Plaintiff and related to the transfer of Lots nos. 89, 106, and 283.

Defendants assert it is undisputed that Lots numbered 89, 106, and 283, were transferred to individual Defendants by Mr. and Mrs. Flores, prior to and or outside of the use of a power of attorney. They argue this establishes that no fiduciary duty existed at the time the Lots were transferred. Plaintiff in response does not identify any fact salient to the issue of whether a fiduciary duty existed and was owed to Plaintiff.

Close consanguinity or family relationships does not create a fiduciary duty, nor can sole evidence of reliance, trust, or confidence withstand a motion for summary judgment. *Id. Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1408--1409 (6th Cir. 1991); *Rollins by Rollins v. Metropolitan Life Ins. Co.*, 912 F.2d 911, 915 (7th Cir. 1990)(a parent-child relationship alone will not create the confidential or fiduciary duty).

In 2002 the U.S. Federal 8th Circuit Appellate Court explained that the generally accepted common law definition of a fiduciary is "reposed in one who in equity and good conscience is bound to act in good faith, and with due regard to the interests of the one reposing the confidence.'" *Dairy Farmers of America, Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 573 (8th Cir. 2002) citing, *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746, 751 (Mo.Ct.App.1990). The U.S. Federal 9th Circuit Court of Appeals also explained that, a

fiduciary is generally defined as "[a] person who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, trust, confidence, and candor . . . ." *U.S. v. Milovanovic*, 678 F.3d 713, 722 (9th Cir. 2012). A review of the statutory definitions for fiduciary in the Guam Code reveal that the establishment of a fiduciary relationship requires a voluntary transfer of authority over funds, property or agency. 4 GCA § 8104; 5 GCA § 1.01; and 11 GCA §§ 100103, 160102.

In this case Plaintiff does not dispute that Lots 89, 106, and 283 where conveyed by Mr. and Mrs. Flores. Under the above standard Plaintiff asserts no facts which would enable the court to find that Defendants acted as fiduciaries in these conveyances. Absent evidence of this the court is unable to find that Plaintiff's complaint allegations of Defendants' breach of fiduciary duty or by logical extension their aiding and abetting the breach of a fiduciary duty, as to Lots 89, 106, and 283, can survive a summary dismissal.

## III. Use of Deposition Transcript

Plaintiff requests that the court prohibit the use of her deposition as a sanction for Defendants' failure to notify her that her deposition would be videotaped. Defendants oppose this request asserting their lack of knowledge of the videotaping, their non-possession and non-use of the video tape and the probative value of the Plaintiff's transcribed deposition.

However, in her memorandum of points and authorities Plaintiff fails to analyze any rule permitting her request. She also fails to cite or analyze any binding or persuasive precedent that applies a rule allowing such a sanction. Absent the moving party meeting this initial burden the court is unable to consider her request. *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008).

**CONCLUSION**

Based on the foregoing, the court denies Defendants' request to compel discovery. It further orders that the deadline for responding to all non-expert fact discovery propounded by the parties be enlarged to 30-days after entry of this order. Defendants' motion for summary judgment is granted as to the allegations in Plaintiff's complaint that allege the Defendants' breach of a fiduciary duty or aiding and abetting the breach of that duty in relation to Lot numbers 89, 106, and 283. Plaintiff's request to preclude the Defendants' use of her deposition transcript is denied.

SO ORDERED, this 25 day of July 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 2 5 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam